UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISLAND JEEP INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>CHRYSLER GROUP LLC,<br><br>Defendant. | Civ. A. No. 10-CV-0445 (JFB) |

SUPPLEMENTAL DECLARATION OF WILLIAM J. DOUCETTE IN SUPPORT OF
CHRYSLER GROUP LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION

William J. Doucette, hereby declares under penalty of perjury as follows:

1.      I am employed by the Defendant Chrysler Group LLC ("Chrysler Group) as the

Northeast Business Center Dealer Network Manager.  I have held this position since

January of 2003.  Chrysler Group has authorized me to submit this Supplemental

Declaration, pursuant to the Court's authorization granted at oral argument during the

telephone conference held on February 3. 2010, in support of Chrysler Group's

opposition to Island Jeep Incorporated's ("Island Jeep") motion for a preliminary

injunction.

1.   I am submitting this Supplemental Declaration based on facts within my personal

   knowledge or based on Chrysler Group's business records.

2.   The Northeast Business Center, located in Tappan, New York, is one of eight Chrysler

   Group's Business Centers located throughout the United States.  The Northeast Business

   Center is responsible for the day-to-day business dealings between it and the existing

Chrysler, Jeep and Dodge dealers located within the geographical area covered by this particular Business Center.

3. I have knowledge of and am familiar generally with the Chrysler Bankruptcy Proceedings in the case *Old Carco LLC f/k/a Chrysler LLC, et al.*, pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002 (AJG).

4. Attached as Exhibit A is a true and accurate copy of a June 1, 2009 order entered in Case No. 09-50002 entitled Order (I) Authorizing The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Interests And Encumbrances, (II) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith And Related Procedures and (III) Granting Related Relief ("Sale Order").

5. Attached as Exhibit B is a true and accurate copy of a June 9, 2009 order entered in Case No. 09-50002 entitled Order, Pursuant to Sections 105 And 365 Of The Bankruptcy Code And Bankruptcy Rule 6006, (A) Authorizing The Rejection Of Executory Contracts And Unexpired Leases With Certain Domestic Dealers And (B) Granting Certain Related Relief ("Rejection Order").

6. Attached as Exhibit C is a true and accurate copy of an August 31, 2009 order entered in Case No. 09-50002 entitled Order Granting Joint Motion Of Debtors And Debtors In Possession And Chrysler Group LLC For An Order Enforcing Automatic Stay And Provisions Of (A) Order (I) Authorizing The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Interests And Encumbrances, (II) Authorizing The Assumption And Assignment Of Certain Executory Contracts And

USIDOCS 7445168v1

Unexpired Leases In Connection Therewith And Related Procedures And (III) Granting Related Relief; And (B) Order, Pursuant To Sections 105 And 365 Of The Bankruptcy Code And Bankruptcy Rule 6006, (A) Authorizing The Rejections Of Executory Contracts And Unexpired Leases With Certain Domestic Dealers And (B) Granting Certain Related Relief ("Enforcement Opinion").

7.  I have knowledge of and am familiar with the existing Chrysler, Jeep and Dodge dealer known as Security Auto Sales, Inc., d/b/a Security Dodge ("Security") that is located in Amityville, New York within the geographical area for which the Northeast Business Center is responsible.  Security is authorized to sell and service the Chrysler, Jeep and Dodge vehicle lines under the terms of currently effective Chrysler Jeep and Dodge dealer agreements.  Security was approved as a Dodge dealer in September of 1983; as a Chrysler dealer in October of 2002; and, as a Jeep dealer in January of 2010.

8.  I also have knowledge of and am familiar with the plaintiff, which is a former Jeep dealer that was located in Lindenhurst, New York within the geographical area for which the Northeast Business Center is responsible.

9.  The Chrysler and Dodge Sales and Service Agreements of Security were assumed and assigned to Chrysler Group as approved under the Sale Order, and not rejected under the Rejection Order entered in the Chrysler Bankruptcy Proceedings.

10. The Jeep Sales and Service Agreement of Island Jeep was rejected in the Chrysler Bankruptcy Proceedings under the Rejection Order.  The effective date of the Rejection Order was June 9, 2009.  Accordingly, from and after June 9, 2009, Island Jeep has not been an authorized Jeep dealer.

US1DOCS 7445168v1

11. In my role as Dealer Network Manager, I have knowledge of and am familiar with the circumstances leading up to Island Jeep's motion for a preliminary injunction, including Chrysler Group's approval of the addition of the Jeep line of vehicles to Security.

12. On May 21, 2009, Chrysler Group representatives Tony Scrivano (Area Sales Manager) and Phillip Scroggin (Business Center Director) met with Security representatives to begin discussions relating to the facility, working capital and other upgrades and requirements that would be necessary before Chrysler Group would consider approving Security as a Jeep dealer.

13. Following that meeting, I received a letter from Mr. Gabe Vigorito dated May 29, 2009 wherein Security agreed to meet the requirements that Chrysler Group deemed necessary for addition of the Jeep line to Security.  Attached as Exhibit D is a true and accurate copy of the May 29, 2009 commitment letter from Security.

14. On July 22, 2009, Chrysler Group and Security's dealer principal, John Vigorito, Sr., entered into a binding Letter of Intent (the "LOI") that, among other things, set forth the conditions that Security was required to meet to qualify for a Jeep dealer agreement. Attached as Exhibit E is a true and accurate copy of the Security LOI signed by Mr. Vigorito and Chrysler Group's National Dealer Placement Manager Mr. John Tangeman.

15. After Chrysler Group entered into the LOI, it continued to communicate with Security regarding the improvements to and renovations at the Security location facility related to the addition of the Jeep line of vehicles.  As an example, attached as Exhibit F is a true and accurate copy of an October 6, 2009 letter from Gabe Vigorito to me regarding

- 4 -

US1DOCS 7445168v1

Security's Reception Area, Customer Lounge, Enclosed Service Area and directional signs.

16. To the best of my knowledge, Security started construction at its facility under the terms of the LOI in December of 2009. When I was satisfied that improvements to and renovations at the facility were underway in accordance with the terms of the LOI, Phillip Scroggin and I recommended that Chrysler Group enter into a Jeep Term Sales and Service Agreement that would allow Security to begin to sell new Jeep vehicles while at the same time continuing Security's obligations to renovate its facility to accommodate the addition of the Jeep vehicle line.

17. On January 21, 2010, Chrysler Group approved a Jeep Term SSA for Security. Attached as Exhibit G is a true and accurate copy of the Dealer Agreement Approval sheet for "DTCJ" (Dodge Truck Chrysler Jeep) vehicle lines, effective as of January 21, 2010.

18. Security's Dealer Code is 42885. Upon approval of the addition of a new line of vehicles to a dealership, the dealer's code does not change. Chrysler personnel modify the settings specific to an individual Dealer Code to reflect any addition or change following internal broadcast of an approval. Based on that procedure, following the internal broadcast of the January 21, 2010 approval of the addition of the Jeep line of vehicles to Security, access for Dealer Code 42885 was modified accordingly in keeping with Chrysler Group's usual business custom.

- 5 -

19. On January 29, 2010, Chrysler Group executed the Jeep Term SSA that previously had been executed by Security, and the Jeep Term SSA became fully effective. Attached as Exhibit H is a true and accurate copy of the executed Term Jeep SSA between Chrysler Group and Security.

20. Security has been and is an authorized Jeep dealer since the January 29, 2010 effective date of its Jeep Term SSA, and has had the right to order, stock, promote, sell and service Jeep vehicles since that date.

21. As of the date of this Supplemental Declaration, to the best of my knowledge, Security has ordered and purchased over 200 Jeep vehicles for sale at its dealership, which are in various stages of being scheduled, built and shipped. To date, it has also purchased approximately $85,000 worth of Jeep parts and special Jeep tools from former Jeep dealerships.

Executed on February 12, 2010

William J. Doucette